# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TECO COAL CORPORATION, ET AL.,** | )<br>)<br>) Case No. 1:08CV00024 |
| Plaintiffs, | )<br>) |
| | ) **OPINION AND ORDER** |
| v. | )<br>) By: James P. Jones |
| **JERRY WAYNE LOONEY,** | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

*Cameron S. Bell, Penn, Stuart & Eskridge, Abingdon, Virginia, for Plaintiffs; David L. Epling, Grundy, Virginia, for Defendant.*

In this ERISA action to collect funds allegedly owed to an employer-funded health benefit plan and short-term disability plan, I find that the allegations in the Complaint and attached documents are sufficient for the claims to survive the defendant's Motion to Dismiss.

I

In this action, an employer and two of its self-funded employee benefit plans seek reimbursement from the settlements of an employee's automobile accident. The claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"),

29 U.S.C.A. §§ 1001-1144 (West 1999 & Supp. 2008).  The defendant has moved to dismiss, and the issues have been briefed and are ripe for decision.

The facts as alleged in the Complaint, or as agreed to by the defendant, are as follows.  The defendant, Jerry Wayne Looney, is an employee of Clintwood-Elkhorn Mining, a subsidiary of TECO Coal Corporation ("TECO"), and is therefore covered by TECO's self-funded Group Benefit Plan ("Medical Plan") and Short Term Disability Plan ("STD Plan"). On October 9, 2006, Looney sustained serious injuries in an automobile accident.  The Medical Plan contributed $62,369.27 to Looney's medical expenses, and the STD Plan paid Looney $17,662.40 over the course of twenty-six weeks.

American Service Insurance, the insurance company for the third-party tortfeasor responsible for Looney's automobile accident, tendered the limit of its policy, $25,000, to Looney or his agents on September 19, 2007.  Looney subsequently settled with his and his wife's under-insured carrier, GEICO, for $250,000, which was $25,000 less than that policy's limit.  GEICO tendered its check on December 20, 2007, and those funds were distributed on January 4, 2008.

The Medical Plan and the STD Plan contain subrogation clauses that entitle them to full reimbursement from funds Looney received from third parties to cover benefits paid by the plans.  The three plaintiffs, TECO, the Medical Plan, and the

- 2 -

Case 1:08-cv-00024-JPJ-PMS   Document 26   Filed 11/25/08   Page 2 of 10   Pageid#: 188

STD Plan, seek equitable relief against defendant Looney under ERISA § 502(a)(3), 29 U.S.C.A. § 1132(a)(3).

The defendant moves to dismiss the plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that (1) the Complaint fails to state facts that establish that the plaintiffs are fiduciaries with standing to bring this action; (2) the relief requested is not equitable as required under 29 U.S.C.A. § 1132(a)(3); and (3) the plaintiffs have not alleged irreparable harm, which would be required for an injunction. The defendant also moves to dismiss pursuant to Rule 12(b)(7) for failure to join Anthem Blue Cross Blue Shield, the claims administrator for the Medical Plan, as a necessary party under Rule 19.

II

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). It is not necessary to set forth a particular legal theory, but rather a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief."

- 3 -

Fed. R. Civ. P. 8(a)(2). The court is obligated to construe a complaint as asserting "any and all legal claims that its factual allegations can fairly be thought to support." *Martin v. Gentile*, 849 F.2d 863, 868 (4th Cir. 1988). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

A

In order to bring this action under ERISA § 502(a)(3), 29 U.S.C.A. § 1132(a)(3), the plaintiffs must be participants, beneficiaries, or fiduciaries of the two plans at issue in this case. The plaintiffs, an employer and two plans, are clearly not participants or beneficiaries of the Medical Plan or the STD Plan.[1] The plaintiffs must therefore be fiduciaries in order to have standing. A person is a "fiduciary" with respect to a plan "to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such

---

[1] ERISA defines a "participant" as "any employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C.A. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8).

- 4 -

plan." 29 U.S.C.A. § 1002(21)(A); *see also Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372-73 (4th Cir. 2003). "[A] fiduciary's standing is not for any and all purposes; rather a fiduciary has standing to bring actions related to the fiduciary responsibilities it possesses." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th Cir. 1996).

There is a split among the circuits as to whether an employee benefit plan may ever be considered a fiduciary. *See I.A.M. Nat'l Pension Fund Benefit Plan A v. Cent. States S.E. & S.W. Areas Health & Welfare & Pension Funds*, 830 F.2d 1163, 1168 n.7 (D.C. Cir. 1987).[2] The plaintiffs conceded during oral argument that the Medical Plan and the STD Plan had been included as plaintiffs only for completeness and are not needed to proceed with these claims. Therefore, the two plans will be dismissed as parties, and I need not consider the issue of their standing further. Since the defendant conceded during oral argument that TECO is a fiduciary of the STD Plan,

---

[2] The Sixth Circuit has held that a "Plan, as the party before the court, necessarily includes those who must act for the Plan to administer it and to effectuate its policies" and is therefore a fiduciary with standing to sue under § 1132(a). *Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Indus. & Allied Indus. of Youngstown Ohio Metro. Area*, 782 F.2d 577, 581 (6th Cir. 1986); *Chaness & Simon, P.C. v. Simon*, 241 F. Supp. 2d 774, 778-79 (E.D. Mich. 2003). But other circuits disagree. *See Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983 (9th Cir. 1999) (declining to find a plan to be a fiduciary); *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assurance Co.*, 700 F.2d 889, 892-93 & n.8 (2d Cir. 1983) (expressing doubt as to whether a plan may be a fiduciary).

the only remaining issue is whether the Complaint adequately alleges that TECO is also a fiduciary of the Medical Plan.

The Complaint itself does not allege that TECO is a fiduciary of the Medical Plan; however, the necessary facts and allegations for the employer plaintiff are included in documents attached to the Complaint. Under the federal rules, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Trigon Ins. Co. v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495, 500-01 (E.D. Va. 2002).

Exhibit 3 to the Complaint, the Heath Benefit Booklet for the Medical Plan, lists "TECO Coal Corporation" under the heading "Fiduciary."[3] (Compl. Ex. 3 at 112.) TECO is therefore the named fiduciary, who "shall have authority to control and manage the operation and administration of the plan." 29 U.S.C.A. § 1102(a)(1). The Medical Plan confers ample authority and discretion on TECO, as well. TECO has the authority and responsibility to identify which of its employees and their dependents are covered members. TECO is the only party that can change the terms

---

[3] This designation is listed in a document at the end of the Benefit Booklet entitled "ERISA Information and Statement of ERISA Rights." (Compl. Ex. 3 at 112.) This document states that it is "not a part of [the] Benefit Booklet," but notes that ERISA "requires that certain information be furnished to each participant in an employee benefit plan." (*Id.*) In addition to naming TECO as Fiduciary, the document names TECO as the Plan Sponsor and the Plan Administrator. Anthem Blue Cross and Blue Shield is listed as "claims Administrator." (*Id.* at 114.)

of the plan by modifying, amending, or terminating the plan. And TECO has the sole discretion to waive conditions or restrictions of the plan.

The subrogation and reimbursement language in the Health Benefit Booklet, which is also quoted in the Complaint, suggests that the employer, TECO, has authority over the collection of third-party recoveries. The Health Benefit Booklet notes multiple times that subrogation and reimbursement claims by Anthem Blue Cross and Blue Shield, the claims administrator for the Medical Plan, are "on behalf of the Employer." (Compl. Ex. 3 at 103-04.) Although this terminology is somewhat ambiguous, it does not contradict the allegation that TECO, as a fiduciary of the Medical Plan, has the authority to bring reimbursement claims on behalf of the plan.

After accepting all well-pleaded allegations in the Complaint and attached documents as true and drawing all reasonable factual inferences from those facts in the plaintiffs' favor, it appears that TECO could prove a set of facts in support of its claim entitling it to relief. *See Edwards*, 178 F.3d at 244. The Health Benefit Booklet attached to the Complaint meets the minimum pleading standard, alleging that TECO is a fiduciary of the Medical Plan, and the plan's terms do not contradict that allegation.

- 7 -

B

A civil action under 29 U.S.C.A. § 1132(a)(3) permits only equitable, not legal, relief. The defendant's Motion to Dismiss alleges that "[n]one of the relief requested by the Plaintiffs is appropriate equitable relief." (Mot. to Dismiss 2.) The defendant's assertion is incorrect. The Complaint states a valid claim for equitable relief under *Sereboff v. Mid Atl. Med. Serv., Inc.*, 547 U.S. 356 (2006). *Sereboff* makes it clear that restitution may be equitable or legal, and an equitable lien to recover a specifically identified fund is an equitable claim for restitution. *Id.* at 362-63. In order to prevail on a claim for equitable restitution under § 1132(a)(3), it must be shown that "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Rego v. Westvaco Corp.*, 319 F.3d 140, 145 (4th Cir. 2003) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)).

The Complaint requests an equitable lien as one form of relief. It alleges that "money belonging to the Medical Plan and STD Plan is clearly traceable to particular funds in the possession of defendant or his agents or attorneys." (Compl. ¶ 16.) This allegation is sufficient to allow a claim for equitable relief, such as an equitable lien or a constructive trust.

- 8 -

C

The defendant argues that since the Complaint does not allege irreparable harm, an injunction may not issue. Although the Complaint seeks an injunction, as well as other equitable relief, at this point in the case I need not determine if there are sufficient grounds for a particular remedy.

III

The defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join Anthem Blue Cross Blue Shield, the claims administrator for the Medical Plan, as a necessary party under Rule 19. Contrary to the defendant's argument, Anthem Blue Cross and Blue Shield is not a necessary party. As discussed above, the Complaint sufficiently alleges that TECO is a fiduciary of the Medical Plan with the discretion and authority to bring this reimbursement action. An additional fiduciary plaintiff is not needed. Anthem does not "claim[] an interest relating to the subject of the action," and the court can accord complete relief among existing parties. Fed. R. Civ. P. 19(a)(1). The defendant does not assert a claim against Anthem by way of a third-party action under Rule 14 or

otherwise, and I need not consider whether such a claim would be permitted at this time.[4]

IV

For the foregoing reasons, it is **ORDERED** as follows:

(1) The Motion to Dismiss is GRANTED in part and DENIED in part;

(2) Plaintiffs TECO Coal Corporation Group Benefit Plan and TECO Coal Corporation Short Term Disability Plan are dismissed as parties; and

(3) The defendant's Motion to Dismiss is otherwise DENIED.

ENTER: November 25, 2008

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] While not specifically raised as a ground for dismissal, the defendant questions in his brief whether Virginia's anti-subrogation law, Va. Code Ann. § 38.2-3405(A) (2007), is preempted by ERISA in this case. ERISA preempts state laws regulating insurance from operating on employee benefit plans that are self-funded. *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). The Complaint alleges that "[t]he Medical Plan and STD Plan are self-funded employee benefit plans under ERISA for employees of TECO and its affiliates." (Compl. ¶ 5.) The allegation that the plans are self-funded is sufficient to survive the defendant's Motion to Dismiss. If TECO proves that the plans are self-funded, ERISA will preempt Virginia's anti-subrogation statute.